**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**GERALDINE Y. SMITH** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 1:15-CV-263-KS-RHW**

**ST. JUDE MEDICAL, JEFF MEYERSON, and DR. SHAWN WU** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss for Lack of Subject Matter Jurisdiction [13] filed by Defendant Dr. Shawn Wu ("Wu"); the Motion to Sever Claims Brought Against Dr. Shawn Wu ("Motion to Sever") [19], Motion for Judicial Notice in Support of Motion to Dismiss ("Motion for Judicial Notice") [18] and Motion to Dismiss [16] filed by Defendant Advanced Neuromodulation Systems, Inc. ("ANS");[1] the Motion to Dismiss and Alternative Motion for a More Definite Statement ("Motion to Dismiss or Clarify") [24] filed by Defendant Jeff Meyerson ("Meyerson"); and the Motion to Continue Suit [37], Motion for Discovery [41], and Motion for Sanctions [47] filed by Plaintiff Geraldine Y. Smith ("Plaintiff"). After considering the submissions of the parties, the record, and the applicable law, the Court finds the following:

1. Wu's Motion to Dismiss for Lack of Subject Matter Jurisdiction [13] should be granted;
2. ANS's Motion to Sever [19] should be granted;

[1]ANS was erroneously sued as "St. Jude Medical," which is not the complete name of any entity. "St. Jude Medical Neuromodulation Division" is an assumed business name for ANS, the manufacturer of the Eon Mini device at issue in this suit. The Court uses the name "ANS" in place of any reference to "St. Jude Medical" or "St. Jude Medical Neuromodulation Division."

3. ANS's Motion for Judicial Notice [18] should be granted in part and denied in part;

4. ANS's Motion to Dismiss [16] should be granted;

5. Meyerson's Motion to Dismiss or Clarify [24] should be granted in part and denied in part;

6. Plaintiff's Motion to Continue Suit [37] should be denied as moot;

7. Plaintiff's Motion for Discovery [41] should be denied as moot; and

8. Plaintiff's Motion for Sanctions [47] should be denied.

## I. BACKGROUND

On August 17, 2015, *pro se* Plaintiff filed the current action against ANS, Wu, and Meyerson. In her Complaint [1], she claims that the Eon Mini spinal cord stimulator ("Eon Mini") her physician Wu implanted in her back and hip area was defective. Her action against Wu and ANS stem from this allegedly defective device.

Meyerson is a Texas attorney Plaintiff retained after she began experiencing problems with the Eon Mini device. Some time later, she voluntarily terminated her attorney-client relationship with Meyerson. (Complaint [1] at p. 4.) After this termination and after Meyerson refused to take her on again as a client, Plaintiff sought to have Meyerson turn over her case file to her. She received her file, but alleges that it was not complete. (Complaint [1] at p. 5.) Plaintiff then filed suit with this Court.

## II. CLAIMS AGAINST WU

### A. Wu's Motion to Dismiss for Lack of Subject Matter Jurisdiction [13]

Wu argues that the Court does not have subject matter jurisdiction to hear the claims Plaintiff brings against him and brings a motion for dismissal under Federal Rule of Civil

Procedure 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted).

Plaintiff argues that the Court has both diversity jurisdiction and federal question jurisdiction to hear her claims against Wu. Plaintiff admits, however, that both she and Wu are residents of Mississippi. (Response in Opposition [29] at p. 2.) Because complete diversity of citizenship is required under 28 U.S.C. § 1332 for the Court to exercise diversity jurisdiction, the only subject matter jurisdiction that can exist in this case over the claims against Wu must come from federal question jurisdiction under 28 U.S.C. § 1331.

A *pro se* complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Richardson v. Fleming*, 651 F.2d 366, 368 (5th Cir. Unit A July 1981) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L.Ed.2d 251 (1972)). "Nevertheless, the liberal *pro se* pleading standard still demands compliance with procedural standards." *Payton v. United States*, 550 F.App'x 194, 195 (5th Cir. 2013). "Under the well-pleaded complaint rule, a federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint." *Vela v. Manning*, 469 F.App'x 319, 321 (5th Cir. 2012) (quoting *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011)) (per curiam).

Plaintiff's Complaint [1], even under a liberal reading, is little more than a narrative of factual allegations. There is no statement of jurisdictional grounds as required by Federal Rule

of Civil Procedure 8(a)(1), nor is there a statement of the claims Plaintiff is bringing or the relief sought for these claims as required by Rule 8(a)(2) and (3). However, the only plausible claims that Plaintiff may be bringing against Wu, from a liberal reading of the face of the Complaint [1], seem to be state law product liability claims. Plaintiff raises her federal claim under 42 U.S.C. § 1985 for the first time in her Response in Opposition [29]. Claims raised for the first time in response to a motion to dismiss "cannot support federal question jurisdiction because they do not 'appear[] on the face of the plaintiff's well-pleaded complaint,'" even if the plaintiff is proceeding *pro se*. *Vela*, 469 F.App'x at 321 (quoting *Elam*, 635 F.3d at 803) (alteration in original).

The Court will not allow Plaintiff an opportunity to amend her Complaint [1] to present such a claim either because, from her numerous submissions to the Court, there does not appear to be a colorable § 1985 claim in this case. A § 1985 claim requires "class-based, invidiously discriminatory animus behind the conspirator's action." *Moffett v. Bryant*, 751 F.3d 323, 326 (5th Cir. 2014) (quoting *Bryant v. Military Dep't*, 597 F.3d 678, 687 (5th Cir. 2010)). There is nothing in Plaintiff's Complaint [1] or any of her submissions to suggest any sort of class-based discrimination. Furthermore, Plaintiff's products liability claims would not be so related to a § 1985 as to give the Court authority to exercise its supplemental jurisdiction under 28 U.S.C. § 1367. An amendment adding this complaint would be futile.

Therefore, because the Court does not have subject matter jurisdiction over the claims against Wu, his Motion to Dismiss for Lack of Subject Matter Jurisdiction [13] must be **granted** and the claims against him will be **dismissed without prejudice.**

### B. ANS's Motion to Sever [19]

In its Motion to Sever [19], ANS requests the Court retain jurisdiction over the current action by severing the claims against Wu, the only non-diverse party. The Supreme Court has held that Federal Rule of Civil Procedure 21 grants a district court the authority to cure jurisdictional defects caused by a non-diverse party by dropping the party rather than dismissing the entire suit. *Newman-Green, Inc. v. Alfronzo-Larrain*, 490 U.S. 829, 839, 109 S. Ct. 2218, 104 L.Ed.2d 893 (1989). Because doctors who perform the surgery to implant medical devices later subject to product liability claims are merely permissive parties as joint tortfeasors, Wu is not a necessary party under Federal Rule of Civil Procedure 19. *See Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7, 111 S. Ct. 315, 112 L.Ed.2d 263 (1990) (holding the doctor that performed the surgery to implant a medical device in the plaintiff was a potential joint tortfeasor and not a necessary party). As the only alternative the Court has is to dismiss the entire action, for which Plaintiff makes no argument, the Court will **grant** ANS's Motion to Sever [19] and will retain jurisdiction over the action after severing and dismissing the claims against Wu.

## III. CLAIMS AGAINST ANS

### A. ANS's Motion for Judicial Notice [18]

ANS requests that the Court take judicial notice of a number of documents under Federal Rule of Evidence 201 in support of its Motion to Dismiss [16] under Federal Rule of Civil Procedure 12(b)(6). The Fifth Circuit has held that a district court may take into account "matters of which a court may take judicial notice" when ruling on a motion to dismiss under Rule 12(b)(6). *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 51 U.S. 308, 322, 127 S. Ct. 2499, 168 L.Ed.2d 179 (2007)). FRE 201(b) allows the Court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot

reasonably questioned." Furthermore, under FRE 201(c), "[t]he court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information."

In its Motion for Judicial Notice [18], ANS requests the Court take judicial notice of the following documents:

1. FDA Premarket Approval Database Listing for Genesis™ Neurostimulation (IPG) System ("Genesis Listing")[18-1];
2. FDA's Premarket Approval Letter for Genesis™ Neurostimulation (IPG) System ("Genesis Approval Letter")[18-2];
3. FDA Premarket Approval Database Listing for Eon Mini™ Neurostimulation System (PMA Supplement 023) ("Eon Mini Listing") [18-3];
4. FDA's Premarket Approval Letter for Eon Mini™ Neurostimulation System (PMA Supplement 023) ("Eon Mini Approval Letter") [18-4];
5. FDA's Premarket Approval Database Listing for PMA010032, Supplement 095 ("PMA Listing") [18-5];
6. Excerpts from Eon Mini™ Neurostimulation System Clinician's Manual ("Clinician's Manual") [18-6];
7. FDA Summary of Safety and Effectiveness Data for Genesis™ Neurostimulation (IPG) System ("Genesis Summary Link") [18-7]; and
8. Copy of FDA Summary of Safety and Effectiveness Data for Genesis™ Neurostimulation (IPG) System ("Genesis Summary") [18-8].

All but one of these documents were produced by the U.S. Food and Drug Adminstration ("FDA") and are readily available public documents. Furthermore, Plaintiff does not appear to put forth any reasonable dispute as to their accuracy. Judicial notice would therefore be

appropriate for these documents. *See Funk*, 631 F.3d at 783 (citing *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007)) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts produced by the FDA, which were matters of public record directly relevant to he issue at hand.") As such, the Court will **grant** ANS's Motion for Judicial Notice [18] as to these documents and will take judicial notice of the following:

1. Genesis Listing [18-1];
2. Genesis Approval Letter [18-2];
3. Eon Mini Listing [18-3];
4. Eon Mini Approval Letter [18-4];
5. PMA Listing [18-5];
6. Genesis Summary Link [18-7]; and
7. Genesis Summary [18-8].

ANS argues that judicial notice is appropriate for the Clinician's Manual [18-6] because of the doctrine of incorporation by reference, claiming that the contents of the document were alleged in the Complaint [1] and its authenticity is not in question. (*See* Motion for Judicial Notice [18] at p. 3.) The Clinician's Manual [18-6] outlines how the Eon Mini device should be used. These instructions are not apparent on the face of Plaintiff's Complaint [1], though they could be implied with an extremely liberal reading. However, because the Court does not find that refusing to take judicial notice of this document will prejudice ANS, the Motion for Judicial Notice [18] will be **denied** as to the Clinician's Manual [18-6].

**B. ANS's Motion to Dismiss [16] under Rule 12(b)(6)**

While *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers" *Richardson*, 651 F.2d at 368 (quoting *Estelle*, 429 U.S. at 106, 97 S. Ct. 285, 50), it must still comply with procedural standards. *Payton*, 550 F.App'x at 195. Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff's complaint to contain a statement of the claims she is purporting to bring, and Rule 8(a)(3) requires a statement of the relief sought for these claims.

Additionally, to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555). A complaint containing mere "labels and conclusions, or a formulaic recitation of the elements" is insufficient. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation and internal quotation marks omitted). However, "detailed factual allegations" are not required. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). Although courts are to accept all well-pleaded facts as true and view those facts in the light most favorable to the nonmoving party, courts are not required "to accept as true a legal conclusion couched as factual allegation." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted). "[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Miller v. BAC Home Loans*

*Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (quoting *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

The Court does not know what claims Plaintiff is purporting to bring against ANS because Plaintiff does not list any specific claim in her Complaint [1]. In none of her numerous submissions to the Court does Plaintiff ever attempt to articulate a legally cognizable claim against ANS. Plaintiff's Complaint [1] therefore does not comply with the standards of Rule 8(a), and is subject to dismissal under Rule 12(b)(6).

ANS argues that Plaintiff should not be given an opportunity to amend to cure her deficient pleadings because any claim against it she could bring would be expressly and implicitly preempted by federal law. Furthermore, Plaintiff does not ask the Court for leave to amend. However, ANS's arguments should will be addressed as they factor into the decision an opportunity to amend.

**1. Express Preemption**

With the passage of the Medical Device Amendments of 1976 ("MDA"), 21 U.S.C. § 360c *et seq.*, Congress "swept back some state obligations and imposed a regime of detailed federal oversight." *Riegel v. Medtonic, Inc.*, 552 U.S. 312, 316, 128 S. Ct. 999, 169 L.Ed.2d 892 (2008). The MDA includes an express preemption provision that provides:

> (a) General rule
>
> Except as provided in subsection (b) of this section, no State or political subdivision of a State may establish or continue in effect with respect to a device intended for human use any requirement–
>
> > (1) which is different from, or in addition to, any requirement applicable under this chapter to the device, and

> (2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under this chapter.

21 U.S.C. § 360k(a). The Supreme Court held in *Riegel* that premarket approval of a Class III device is a federal requirement that could preempt state requirements under § 360k(a). 552 U.S. at 322-23, 128 S. Ct. 999. Furthermore, the Court found that the state tort law claims in that case were preempted as they imposed different requirements on the device. *Id.* at 324-24. "*Riegel* . . . makes clear that a medical device manufacturer is protected from liability under state-law claims related to a defective or dangerous device to the extent that the manufacturer has complied with federal statutes and regulations." *Hughes v. Boston Scientific Corp.*, 631 F.3d 762, 767 (5th Cir. 2011). The Supreme Court also made it clear, though, "that a manufacturer is not protected from state tort liability when the claim is based on the manufacturer's violation of applicable federal requirements." *Id.*

The Court has taken judicial notice of multiple FDA publications that prove the Eon Mini is a Class III device that obtained premarket approval from the FDA. (*See* Genesis Listing [18-1]; Genesis Approval Letter [18-2]; Eon Mini Listing [18-3]; Eon Mini Approval Letter [18-4]; "PMA Listing" [18-5]; Genesis Summary Link [18-7]; Genesis Summary [18-8].) There is no doubt that any state products liability claim Plaintiff attempted to bring would hold the Eon Mini to different or additional state requirements and would therefore be expressly preempted by the MDA. *See id.* at 769. The only claims Plaintiff could bring against ANS would be state tort claims based on violations of the federal requirements in the MDA. All other claims would be expressly preempted by 21 U.S.C. § 360k(a).

**2. Implied Preemption**

ANS argues that any potential claims not covered by express preemption would be barred through implied preemption because there are no private rights of action under the Federal Food, Drug, and Cosmetic Act ("FDCA"). There is "clear evidence that Congress intended that the MDA be enforced exclusively by the Federal Government." *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 352, 121 S. Ct. 1012, 148 L.Ed.2d 854 (2001) (citing 21 U.S.C. § 337(a)). However, the Fifth Circuit has held that there is no preemption of Mississippi tort claims premised on violations of federal law. *Hughes*, 631 F.3d at 775. Therefore, if Plaintiff brought state tort claims based on ANS's failure to comply with the federal requirements of the MDA or related regulations, then these claims would not be preempted.

As stated before, the Court does not know what claims Plaintiff is purporting to bring against ANS because Plaintiff does not list any specific claim in her Complaint [1]. In addition to this lack of a specific claim, though, the Court cannot find in Plaintiff's Complaint [1], or any of her submissions to the Court, an allegation that ANS did not comply with federal requirements of the MDA. The only federal law mentioned by Plaintiff in any of her submissions to the Court is her allegation of a civil rights violation under 42 U.S.C. § 1985. (*See* Response in Opposition [29] at p. 2-3.) Furthermore, Plaintiff herself has stated that she is "withholding nothing" from the Court. Therefore, the Court cannot find, even with a liberal reading of the Complaint [1], that Plaintiff meant to bring any claims based on ANS's failure under the federal requirements. While a claim of this nature may not be preempted, the Court will not allow Plaintiff an opportunity to amend her Complaint [1] in order to add a legal theory which she should have brought initially but did not contemplate, and which was only introduced in this case because of ANS's proactive defense. To allow an amendment to add such a claim would be unduly prejudicial to ANS, which is grounds for denying an opportunity to amend. *See*

*Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005) (holding "undue prejudice to the opposing party by virtue of allowance of the amendment" is a factor in deciding whether to allow amendment).

For the foregoing reasons, the Court will **grant** ANS's Motion to Dismiss [16] under Rule 12(b)(6) and all claims against ANS will be **dismissed with prejudice**. Plaintiff will not be allowed to amend in order to cure her pleading defects.

## IV. CLAIMS AGAINST MEYERSON

Meyerson argues that, because Plaintiff has failed to allege any cognizable cause of action, any wrongful conduct on his part, or the relief she seeks in her Complaint [1] against him, it should be dismissed under Rule 12(b)(6) or, in the alternative, Plaintiff should be ordered to make a more definite statement. There is no question that Plaintiff's Complaint [1] is deficient. Plaintiff states no claim or prayer for relief in compliance with Rule 8. The only question is whether to dismiss her Complaint [1] against Meyerson entirely or to allow her to give a more definite statement of the claims she is purporting to bring.

In her numerous responses to Meyerson's motion, the only claim Plaintiff attempts to assert against Meyerson is a claim of conversion for not relinquishing certain portions of her case file to her. Though her assertions do not satisfy the requirements of *Twombly* and *Iqbal*, the Court evaluates whether she could sufficiently plead this claim using the factual assertions she has made.

Under Mississippi law, "[t]o make out a conversion, there must be proof of a wrongful possession, or the exercise of a dominion in exclusion or defiance of the owner's right, or of an unauthorized and injurious use, or of a wrongful detention after demand." *Cmty. Bank, Ellisville, Miss. v. Courtney*, 884 So.2d 767, 773 (Miss. 2004) (quoting *First Investors Corp. v.*

*Rayner*, 738 So.2d 228, 234-35 (Miss. 1999)) (citations omitted). "It is elementary that ownership is an essential element of conversion." *Id.* at 772. Furthermore, damages in a conversion action are measured by "the value of the property at the time and place of the conversion." *Id.* at 775 (citing *West v. Combs*, 642 So.2d 917, 921 (Miss. 1994)). It is, however, possible to recover damages from a conversion that are not usual, but these many not be damages that are "uncertain, unnatural, remote as to cause, nor speculative and conjectural in effect." *Id.* (citing *Pride Oil Co. v. Tommy Brooks Oil Co.*, 761 So.2d 187, 191-92 (Miss. 2000)).

Even if Plaintiff were to establish that she was the rightful owner of all documents in her case file and that Meyerson wrongfully detained her file after she demanded it, she has not made any allegation as to how she was damaged by not receiving the documents she claims were left out of the file given to her. The Court can only assume that Plaintiff believes not having her complete file will impair her suit against ANS, against whom Meyerson had previously represented Plaintiff. As Plaintiff's suit against ANS has been dismissed with prejudice, not having her complete file will not harm her in this suit. Furthermore, even if there were harm to Plaintiff in not having her complete case file, any damages she could recover are necessarily speculative in nature. Therefore, even if Plaintiff were afforded an opportunity to make a more definite statement of her claim against Meyerson, she would still have no claim.

As such, Meyerson's Motion to Dismiss or Clarify [24] will be **granted in part** and **denied in part**. It is **granted** in that Plaintiff's Complaint [1] is **dismissed with prejudice** as to her allegations against Meyerson. It is **denied** in that Plaintiff will not be allowed to make a more definite statement.

## V. OTHER PENDING MOTIONS

Plaintiff has pending before the Court a Motion to Continue Suit [37], Motion for Discovery [41], and Motion for Sanctions [47]. Because Plaintiff's suit is dismissed in its entirety, her Motion to Continue Suit [37] and Motion for Discovery [41] will be **denied as moot**. As Plaintiff did not comply with Federal Rule of Civil Procedure 11(c) by serving opposing party her Motion for Sanctions [47] twenty-one (21) days before filing it with the Court, the motion is procedurally barred and will be **denied**.

## VI. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Wu's Motion to Dismiss for Lack of Subject Matter Jurisdiction [13] is **granted**. All claims against Wu will be **dismissed without prejudice**.

IT IS FURTHER ORDERED AND ADJUDGED that ANS's Motion to Sever [19] is **granted**. The Court will retain jurisdiction over the action after severing and dismissing the claims against Wu..

IT IS FURTHER ORDERED AND ADJUDGED that ANS's Motion for Judicial Notice [18] is **granted in part** and **denied in part**.

It is **granted** and the Court will give judicial notice as to the following documents:

1. Genesis Listing [18-1];
2. Genesis Approval Letter [18-2];
3. Eon Mini Listing [18-3];
4. Eon Mini Approval Letter [18-4];
5. PMA Listing [18-5];
6. Genesis Summary Link [18-7]; and
7. Genesis Summary [18-8].

It is **denied** as to the Clinician's Manual [18-6].

IT IS FURTHER ORDERED AND ADJUDGED that ANS's Motion to Dismiss [16] is **granted**.

IT IS FURTHER ORDERED AND ADJUDGED that Meyerson's Motion to Dismiss or Clarify [24] should be **granted in part** and **denied in part**. It is **granted** in that Plaintiff's Complaint [1] is **dismissed with prejudice** as to her allegations against Meyerson. It is **denied** in that Plaintiff will not be allowed to make a more definite statement.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Motion to Continue Suit [37] is **denied as moot**.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Motion for Discovery [41] is **denied as moot**.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Motion for Sanctions [47] is **denied**.

SO ORDERED AND ADJUDGED this the 15th day of December, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE